You may be seated. Good morning, counsel. Our first case for today is case number 416-0791, and that case is the people of the state of Illinois v. Daniel Baltierra, and for the appellant we have Mr. Johnson, and for the appellee, Ms. Brooks. You may proceed, counsel. Thank you. May it please the court, justices, counsel, I'm Douglas Johnson, and I represent the defendant, appellant Daniel v. Baltierra, who appeals from final judgment of conviction entered in McLean County, Illinois. And I'm here today arguing that the trial court imposed an excessive sentence, and in so imposing that sentence, failed to first make the required considerations. And the sentence imposed in this case is at variance with both the letter and spirit of the law. And we understand that the trial court is charged with the difficult task of fashioning a sentence, a sentence that has the protection of society on one hand, and the rehabilitation of the offender on the other. The retributive versus the rehabilitative nature of a case for a defendant, if you may. And we have the state, the state who contends the sentence is not excessive, and the state who says the sentence is within the statutory limits. And the state cites Summers. But Summers is distinguishable from our case. Unlike Summers, the defendant here had a lack of or a very limited criminal history. The defendant pled guilty to the offense. He cooperated with authorities. He spared his victim from testifying at trial, not to mention the significant mitigation in this case. The character of the defendant, the reference letters that he had, the rehabilitative potential of the defendant, the impetus of the offense, the defendant's childhood, physical, emotional, and sexual abuse that he endured. And saying it falls within the limits, it just isn't enough. It disregards the unique aspects present in any sentencing hearing. In each case, each set of facts, just like a fingerprint, a snowflake, they all bear similarities to one another, but no two are exactly the same. And why? Because of the penalty. The penalty must be fashioned based on the actual circumstances of that individual case, on that defendant. And that is why we maintain that the sentence is excessive in this case. And the state also points to the conduct, that the conduct was egregious. And we don't stand here minimizing the conduct in the case, but we submit, however, that the victim, the one most harmed, asked the court to not incarcerate the defendant. She states that she's forgiven the defendant for his actions. And that is why we are here asking this honorable court to reverse the defendant's sentence and order a reduction in that sentence. Well, this case is unique, somewhat unique, even though you see it all the time as a trial court judge. But you've got actions going on in two different counties. And what role did the sentence in Champaign County play in terms of your position that this sentence is excessive? Well, we also argued that that sentence was excessive, and we believe that this sentence remains excessive. We understand that the trial court judge in this case acknowledged that the sentence was excessive and provided us some release in reducing that sentence. But we stand here today maintaining that it remains excessive. You indicate in your brief that you realize, of course, that the trial court doesn't necessarily have to go through and specifically address in the written order or orally each statutory mitigating or aggravating factor. But given the standard of review here and where this sentence fell, I think it's difficult for you to establish an excessive sentence. What did the trial court not consider or do wrong? I understand. And although the trial court need not state every factor it considers, as it may be in substantial compliance, by considering factors in aggravation and mitigation, the trial court in this case, it took it upon itself to state those factors that it did consider. Yet it failed to state that non-statutory factors, specifically some of those mitigating factors like the defendant's rehabilitative potential, the fact that he refrained from the type of conduct that brought rise to this case, the fact that he was to a low to moderate risk to re-offend. It also fared to talk about the impetus of the offense. That's his childhood, what he endured as a child. Don't the judge's comments suggest that those things were taken into consideration when the judge talked about the defendant basically being a good person who's done a bad thing? And I think it's, while the judge may not have specifically said, you had a horrible childhood, can't we infer from the judge's comments that those things were considered? I believe the trial court judge did consider the defendant's character in some regard in this case. And certainly took some of those statutory factors and non-statutory factors, both in aggravation and mitigation, into account. But we think that this case, just for the same reasons that it's distinguishable from Summers, is so unique, is so different, that because of those unique aspects, that the penalty in this case is excessive. What would be a more appropriate sentence in your view? We just see a lesser sentence, a reduction in the sentence. Further reduction. Yes, ma'am. Thank you. Thank you, counsel. Ms. Brooks. Thank you, Your Honor. My name is Allison Paige Brooks. I appear on behalf of the people. May it please the Court. This Court has to keep in mind that the standard review is very deferential. It has to be an abuse of discretion. And the State cited Summers only as support, not for comparative sentencing, but to simply show that this is an extended term eligible type sentence. So the statutory maximum was 60 years. And he only got 15 after the reduction. And because of that very wide range, and the fact that the sentence is kind of pretty close to the minimum of that wide range, not anywhere in the extended term territory, the aggravation here does exceed the mitigation. So it's not a situation where this could be considered too much for the seriousness of the crime. It seems like the defendant is saying that this violates the spirit and purpose of the law. But it is an individualized case. The defendant did have some mitigation. The mitigation was taken into account. Mitigation was reflected in the sentence. And the aggravation, however, can't be overlooked. One major thing the defendant relies on is the forgiveness by SB. And that's not controlling. It's just simply one factor. The trial court has to consider. Another factor the trial court can and should consider is deterrence, whether or not the victim of this offense forgives the defendant in this particular case. These are still very, very serious crimes. It's reflected by the very high statutory maximum, Class X felony. And the need to deter for these types of sentences to deter others, whether or not those victims are going to forgive. So that's why this sentence cannot be reduced simply on the basis of the argument that, well, the victim forgave him and doesn't want to see him in prison. That doesn't justify a reduction in sentence by itself. And the circumstances were aggravating as much as they were mitigating for the factors that the defendant has in mitigation, his childhood, some of the mental issues, and the motivation he has for the offense. It seems, though, however, cannot be overlooked. This was a child who was adopted. This was a very young infant from, I think it was Guatemala. And the offenses began probably a little bit three to four years after the 1999 adoption. So it was about 2002. So the offenses started at a very young age, and that's a highly aggravating factor. Even though that age itself implicit in the offense, the extent of the victim's young age is something that can and should be considered. Also, the frequency, these events happen sometimes nightly or a couple times per week, and that extends even after the move to Savoy in 2009. So that's seven years in McLean County, happening that frequently, that long, starting at that young of an age, and highly significant that this is the adopted father and adopted child situation, and that cries out for the need to protect other children in similar situations and deter others from adopting young children, even from other countries, as a way of providing access to young children for sex abuse. So that's why there are many extensive aggravating factors, and the 15-year sentence cannot be in violation of the spirit or purpose of the law. The fact that the defendant has been sentenced to 30 years consecutive in another jurisdiction, that's something that the trial court took into account, was mindful of, and one of the reasons why the sentence was reduced in the 18-year term, in this case, to 15, was because, essentially, the defendant, I think, was 47, and so 45 with truth in sentencing at 85 percent, another thing, truth in sentencing limitation, good conduct credit, is something the trial court was aware of. It does seem this would make a practical, effective life term, because 45 years at 85 percent for a 47-year-old defendant is not likely to outlive that. But this is a very serious crime. This was a very long-term course of offenses against one of the most vulnerable victims, and that's just something that would justify an effective life term in combination with the Champaign County. So that's not an abuse of discretion. This court should defer to the trial court's determination as to what the appropriate punishment was. Are there any other questions? I don't see any. Thank you, counsel. Any rebuttals? No rebuttals, Your Honor, but I would be happy to answer any other questions if there are any. I don't see any. Thank you, counsel. We'll take this matter under advisement and be in recess.